UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
Buffalo Division

| | | |
|---|---|---|
| **JOSEPH D. FIDURKO,** | **PLAINTIFF,** | **Civil Action No.** |
| V. | | _____ |
| **ERB CO., INC.** | **DEFENDANT.** | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, Joseph D. Fidurko, alleges as follows:

### THE PARTIES

1. The Plaintiff, Joseph D. Fidurko, is a natural person, who has a Cardiac Condition, and related health issues including Kidney problems. Plaintiff is in the Western District of New York with a place of residence at 2519 Goldenrod Road, Olean, New York 14760.

2. The Defendant, ERB Co., Inc., is a corporation with its principal offices at 1400 Seneca St, Buffalo, NY 14210.

### JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 2000e-5 and 28 U.S.C. §§ 1331 and 1343. Supplemental jurisdiction over the Plaintiff's pendant state law claims is conferred by 28 U.S.C. § 1367.

4. Venue is properly laid within the Western District of New York pursuant to 28 U.S.C. § 1391(b) in that the Plaintiff lives in the Western District of New York, Defendant is located in the Western District of New York, and a substantial part of the acts or omissions giving rise to the claim occurred in the Western District of New York.

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. Plaintiff, Joseph D. Fidurko, has exhausted all administrative remedies prerequisite to bringing this claim as follows:

6. On August 11, 2020 the Plaintiff filed a charge of discrimination with the New York State Division of Human Rights alleging unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of disability and opposed discrimination/retaliation. The matter was assigned NYSDHR Case Number 10208941.

7. The matter was cross filed with the United States Equal Employment Opportunity Commission (EEOC) and given Federal Charge Number 16GC003699.

8. On March 9, 2021 the New York State Division of Human Rights issued a Determination and Order After Investigation which found No Probable Cause and the matter was dismissed and the NYSDHR file was closed.

9. The Plaintiff timely requested EEOC review of the NYSDHR findings. The EEOC issued a Dismissal and Notice of Rights on April 29, 2021which date results in a final date to file a claim in federal court of July 28, 2021.

**TIMELINESS**

10. When filing with a state agency the Plaintiff has three hundred (300) days to bring a claim when using a state agency 42 U.S.C. 2000e.

11. The Plaintiff' filed a complaint of discrimination with the New York State Division of Human Rights on August 11, 2020. The complaint alleged that the most recent discriminatory act occurred on October 31, 2019. This gives a latest date to file a claim with the

Division of Human Rights that includes actions covered by the EEOC three hundred day limitation of August 26, 2020.

## FACTUAL BACKGROUND

12. Plaintiff was hired by ERB Co., Inc., ("Respondent") on March 19, 2019.

13. Respondent employees 20 or more employees.

14. Plaintiff's title was Outside Sale Representative, and his starting salary was $78,000 per year.

15. Plaintiff was also entitled to reimbursement for the personal use of his car for business purposes at the rate of $.50 per mile which was to be paid monthly.

16. Reasonable business expenses were to be documented and reimbursed monthly.

17. Vacation days, health benefits, and 401K plan participation were included while a salaried employee.

18. On January 5, 2019, Plaintiff was living and working in China, being employed by ICOOL Company as a regional sales manager, earning a salary of $135,000 per year. ERB Co., Inc., was a customer of ICOOL.

19. Mr. Gary Bosley, Vice President of Purchasing for ERB Co., Inc., recruited the Plaintiff who began working for ERB Co., Inc., in March of 2019 with the understanding that in July 2019, the Plaintiff would have three weeks paid time off to repatriate his family from China to Olean, New York.

20. Plaintiff was in the Olean Hospital from June 13-17, 2019, and was sent to Buffalo General Hospital from June 19-21, 2019. The Plaintiff spoke with Mr. Gary Bosley, Plaintiff's default supervisor while Mr. Tim Wallmeyer, Plaintiff's direct supervisor was on vacation. Plaintiff told Mr. Bosley that he, the Plaintiff, would return to work on June 24, 2019. Mr. Bosley

sent a company email to all employees letting them know that Plaintiff was discharged from the hospital and would be returning to work.  Mr. Bosley and Mr. Tom Hanlon, a sales representative, came to visit the Plaintiff in the hospital.  Mr. Bosley asked Mr. Hanlon to drive the Plaintiff home to Olean, New York the next day when the Plaintiff was discharged from the hospital, which he did.

21. Plaintiff told both Mr. Bosley and Mr. Wallmeyer that he had been diagnosed with a Cardiac Condition.  Plaintiff also noted that he had an appointment with his treating physician for the end of September 2019 for related health issues including kidney problems.

22. In early June 2019, Mr. Wallmeyer had a one-on-one meeting with the Plaintiff to review the Plaintiff's customer list and strategy for building business accounts.  This was the only time Mr. Wallmeyer met with the Plaintiff about the Plaintiff's position responsibilities.  It was a productive meeting and Plaintiff asked Mr. Wallmeyer if they could meet on a regular basis.  This did not occur.

23. On September 17, 2019, the Plaintiff had his only performance review with Mr. Wallmeyer.  This review was verbal.  During the conversation Mr. Wallmeyer asked the Plaintiff, "Is there something you are not telling me?"  Plaintiff replied no and asked why this question was being asked.  Mr. Wallmeyer then asked if the Plaintiff was happy.  The Plaintiff replied in the affirmative and asked why he was being asked this question?  Mr. Wallmeyer said he wanted to make sure the Plaintiff was not leaving and wanted the Plaintiff to know that he was "very much appreciated."

24. The last reimbursement the Plaintiff received was in June 2019.  He was paid for mileage and expenses as agreed upon.

25. On October 1, 2019, Plaintiff called Mr. Bosley and told him that his documentation for mileage and expenses had not been paid since June 2019, and that he was owed $4,017.16 which he needed to survive.  Plaintiff told Mr. Bosley that Mr. Wallmeyer was not responding to Plaintiff's accounting for monies that were overdue and not reimbursed.

26. Plaintiff asked Mr. Bosley, "Is Tim forcing me to quit?"

27. Out of desperation, on October 4, 2019, the Plaintiff sent an email to Mr. Wallmeyer, Mr. Peter Murry, Controller, Mr. Bosley, and to Allen Erb, President and CEO of ERB Co., Inc., demanding his overdue reimbursement for mileage and expenses in the amount of $4,017.16.  Plaintiff supplied Mr. Erb with the necessary documentation, and stated that if he was not paid then he was giving his two weeks notice.  Plaintiff felt on that date that, with no payment forthcoming or any response, he was not being paid as promised, and that he had been constructively discharged.

28. Other outside salespersons without a disability had been reimbursed for their mileage and expenses.

29. Not being paid for expenses for three months cause the Plaintiff financial and emotional harm.

30. On October 8, 2019, Mr. Wallmeyer terminated the plaintiff verbally, stating that, "You have not been happy here, we are going in a different direction."

31. After October 31, 2019, Plaintiff was left without health care coverage as a result of being constructively discharged.  This was extremely humiliating and stressful since the Plaintiff was being treated for medical issues of which Defendant's management was fully aware of.

32. Plaintiff believes that his termination on October 8, 2019, was retaliatory since the Defendant refused to pay him expenses which were paid to all outside salespersons while knowing the Plaintiff was continuing treatment for his cardiac health issues. Plaintiff's supervisor specifically knew that Plaintiff had continuing medical appointments.

### FIRST CAUSE OF ACTION:
### Unlawful Discrimination Based on Disability in Violation of the Americans with Disabilities Act As Amended. 42 U.S.C. § 12112(a) et. seq.

33. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

34. To establish a *prima facie* case of discrimination under the ADA or the RA, a Plaintiff must show that: "(1) the employer is subject to the ADA; (2) the Plaintiff was disabled within the meaning of the ADA; (3) the Plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the Plaintiff suffered adverse employment action because of this disability." *Sista v. CDC Ixis North America, Inc.*, 445 F.3d 161, 169 (2d Cir. 2006)

35. ERB Co., Inc., is an employer is subject to the ADA.

36. As noted, the Plaintiff has had medical issues that required hospitalization.

37. Plaintiff also has ongoing issues regarding his kidneys which requires him to attend appointments with his physician.

38. Defendant supervisory personnel were fully aware of the Plaintiff's medical issues as Plaintiff informed them of upcoming physician appointments in September 2019.

39. Defendant supervisory personnel persisted in non-payment of reimbursements owed to the Plaintiff.

40. As noted above, Plaintiff asked Mr. Bosley, "Is Tim forcing me to quit?"

41. Plaintiff was terminated on October 8, 2019 and lost his medical coverage as of October 31, 2019.

## SECOND CAUSE OF ACTION
### Unlawful Retaliation in Violation of the Americans with Disabilities Act As Amended. 42 U.S.C. § 12112(a) et. seq.

42. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

43. To establish a prima facie case of *retaliation*, a plaintiff must demonstrate that (1) the employee was engaged in a protected activity, (2) the employer was aware of that activity, (3) the employee suffered an adverse employment action, and (4) there was a causal connection between the protected activity and the adverse employment action. *Rivera, 702 F.3d at 698*; *Bucalo v. Shelter Island Union Free Sch. Dist., 691 F.3d 119, 129 (2d Cir. 2012)*; *Gorzynski, 596 F.3d at 110*.

44. A *request* for reasonable *accommodation* is an *ADA-protected activity. Weixel v. Bd. of Educ. of N.Y.C.,* 287 F.3d 138, 149 (2d Cir. 2002)*; Rodriguez v. Atria Sr. Living Group, Inc.,* 887 F. Supp. 2d 503, 512 (S.D.N.Y. 2012). Plaintiff receives protection even if he was not entitled to the reasonable accommodation, as long as he made his request in good faith. *Weissman v. Dawn Joy Fashions, Inc.,* 214 F.3d 224, 234 (2d Cir. 2000).

45. Plaintiff made Defendant aware of his medical situation and upcoming medical appointments in September 2019.

46. Plaintiff was terminated on October 8, 2019.

47.

## FIRST CAUSE OF ACTION:
### Unlawful Discrimination Based on Disability in Violation of the

**Americans with Disabilities Act As Amended. 42 U.S.C. § 12112(a) et. seq.**

48.     The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

49.     To establish a *prima facie* case of discrimination under the ADA or the RA, a Plaintiff must show that: "(1) the employer is subject to the ADA; (2) the Plaintiff was disabled within the meaning of the ADA; (3) the Plaintiff was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) the Plaintiff suffered adverse employment action because of this disability." *Sista v. CDC Ixis North America, Inc.,* 445 F.3d 161, 169 (2d Cir. 2006)

50.     ERB Co., Inc., is an employer is subject to the ADA.

51.     As noted, the Plaintiff has had medical issues that required hospitalization.

52.     Plaintiff also has ongoing issues regarding his kidneys which requires him to attend appointments with his physician.

53.     Defendant supervisory personnel were fully aware of the Plaintiff's medical issues as Plaintiff informed them of upcoming physician appointments in September 2019.

54.     Defendant supervisory personnel persisted in non-payment of reimbursements owed to the Plaintiff.

55.     As noted above, Plaintiff asked Mr. Bosley, "Is Tim forcing me to quit?"

56.     Plaintiff was terminated on October 8, 2019 and lost his medical coverage as of October 31, 2019.

**THIRD CAUSE OF ACTION**
**Unlawful Retaliation in Violation of the New York State Human Rights Law**
**Article 15, Section 296 et. seq.**

d

57. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

58. A Plaintiff complainant first establishes a prima facie case under New York Human Rights Law by showing that she is in a protected class, that she is qualified for the position, that she suffers an adverse employment action under circumstances from which an inference of discrimination can be made. *Mittl v. New York State Division of Human Rights*, 100 N.Y.2d 326, 763 NYS2d 518 (2003) ERB Co., Inc., is an employer is subject to the ADA.

59. As noted, the Plaintiff has had medical issues that required hospitalization.

60. Plaintiff also has ongoing issues regarding his kidneys which requires him to attend appointments with his physician.

61. Defendant supervisory personnel were fully aware of the Plaintiff's medical issues as Plaintiff informed them of upcoming physician appointments in September 2019.

62. Defendant supervisory personnel persisted in non-payment of reimbursements owed to the Plaintiff.

63. As noted above, Plaintiff asked Mr. Bosley, "Is Tim forcing me to quit?"

64. Plaintiff was terminated on October 8, 2019 and lost his medical coverage as of October 31, 2019.

### FOURTH CAUSE OF ACTION
**Opposed Discrimination Retaliation in Violation of New York State Human Rights Law, Article 15, Section 296 et. seq.
(Against Candace Johnson, LeVea, Azabdaftari, Roswell Park)**

328. The Plaintiff realleges and reasserts the allegations contained in paragraphs above as though fully set forth herein.

329. To make out a prima facie case of retaliation, plaintiff must show 1) participation in protected activity, 2) the participation was known to the defendant, 3) an adverse

employment action against the plaintiff, and 4) a causal connection between the protected activity and the adverse employment action, *Forrest v Jewish Guild for the Blind*, 3 NY3d 295, 786 NYS2d 382 (Ct. App. 2004)

65. Plaintiff made Defendant aware of his medical situation and upcoming medical appointments in September 2019.

66. As a result of Defendant's failure to accommodate the Plaintiff the Plaintiff specifically asked if he was being forced to quit.

67. Plaintiff was terminated on October 8, 2019.

**WHEREFORE**, Plaintiff respectfully requests from this Court the following relief:

A. A judgment that the defendant violated the Plaintiff's rights under the Americans With Disabilities Act and awarding the Plaintiff his unpaid reimbursements, front pay from date of termination, and compensation for his pain and suffering;

B. A judgment that the defendant engaged in opposed discrimination/retaliation violated the Plaintiff's rights under the Americans With Disabilities Act and his unpaid reimbursements, front pay from date of termination, and compensation for his pain and suffering;

C. A judgment that the defendant violated the Plaintiff's rights under the New York Human Rights Law and awarding his unpaid reimbursements, front pay from date of termination, and compensation for his pain and suffering;

D. A judgment that the defendant engaged in opposed discrimination/retaliation violated the Plaintiff's rights under the Americans With Disabilities Act and awarding the Plaintiff his unpaid reimbursements, front pay from date of termination, and compensation for his pain and suffering.

E. Damages for the Plaintiff's pain, suffering, loss of enjoyment of life, humiliation and other injuries in the amount of $300,000.00; (be sure to see if punitive damages are available for any given charge such as retaliation)

F. Defendant to pay all medical costs incurred by Plaintiff as a result of the stress and anxiety resulting from the discrimination he suffered and the failure to accommodate his disabilities, including any and all diagnostic analysis, treatment and therapy, and follow up therapy.

G. Defendant to pay Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees;

H. Plaintiff to have such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly trial by jury in this action.

Dated: _____

Respectfully Submitted,
Plaintiff
By His Attorneys

| /s/ Lindy Korn | /s/ Charles L. Miller, II |
|---|---|
| LINDY KORN, ESQ. | CHARLES L. MILLER, II, ESQ. |
| Attorney for Plaintiff | Attorney for Plaintiff |
| Law Office of Lindy Korn, PLLC | Law Office of Lindy Korn, PLLC |
| Electric Tower, Ninth Floor | Electric Tower, Ninth Floor |
| 535 Washington Street | 535 Washington Street |
| Buffalo, New York 14203 | Buffalo, New York 14203 |
| 716-856-5676 | 716-856-5676 |
| 716-507-8475 (facsimile) | 716-507-8475 (facsimile) |
| E-Mail: lkorn@lkorn-law.com | E-mail: cmiller@lkorn-law.com |